Opinion of the court delivered by
Judge Whyte.
The defendant in error at the November term of the circuit court for Hardeman county, in the year 1828, was indicted for perjury. The indictment charged that the said defendant, Steele, gave his promissory note under seal, to one John M’Kinnie for the sum of $34; that he was sued thereon in debt by warrant before one Francis Shoemalce, an acting justice of the peace for said county, and duly qualified to administer an oath: “that he, Steele, being duly sworn, took his corporal oath before the said Francis Shoemake, on the holy gospel of God; and the said Nathaniel Steele did, then and there, upon the trial of said suit, willfully, and of his own free will and accord, falsely, *395 wickedly and corruptly say, depose and swear, that he, the said Nathaniel Steele, did never sign and execute the promissory note aforesaid, for the sum aforesaid, in manner and form aforesaid, and that the same was not his act and deed; whereas, in truth and in fact, he, the said Nathaniel Steele, did sign and execute the promissory note aforesaid, for the sum aforesaid, in manner and form aforesaid, and the same was then, and there, his act and deed &c. &c. and so the said Nathaniel Steele did commit wilful and corrupt perjury &c. &c. contrary to the force of the statute in such case made and provided, and against the peace and dignity of the State.”
To this indictment the defendant, Steele, filed his demurrer and the Solicitor General joined in demurrer. And at the May term of said court, judgment was rendered that the demurrer be sustained, and the defendant go without day. To which judgment the Solicitor General took an appeal in nature of a writ of error to this court.
The sufficiency of this indictment is called in question by the demurrer, audit is objected by the defendant, as a substantial defect, that the indictment doth not charge that the denial of the execution of the promissory note therein mentioned, and in which denial it is said the perjury was committed, was a denial on oath, in writing, and signed by him. The validity of this objection depends on the acts of Assembly of 1817, ch. 86, sec. 2; and 1819, ch. 27, sec. 4. The former act is in these words: “that it shall not be lawful for any justice of the peace, or any court in this State to suffer any person who may be sued on any bond or note, whether the same be with, or without seal, to deny execution of the same, unless he, she or they, will deny the same on oath, in writing and signed by the party.”
This act seems to be plain and expressive that the oath, to constitute perjury, must be in writing and signed by the party making it. But to this, it is answered by the Solicitor General, that it is true, the evidence upon the plea of not guilty in perjury, must show that the oath was in writing and signed by the party making it, but it need not *396 to be so stated in the indictment; that the charge in this jn(jjC£men^ íifaaí he falsely, wickedly and corruptly did say, depose and swear, that he never did sign and execute the promissory note, is comprehensive of the offence in the statute; and the oath, being in writing, is matter of evidence, admissible under the charge in the indictment.
Fitzgerald, for the State.
Andrew L, Marlin, for the defendant,
It is to be observed that the perjury, charged in this indictment, ig a statutable offence, created by these acts, and not an offence at common law; and although perjury, at common law, may be committed by a parol or verbal oath, as well as by a written one, by affidavit, in a judicial proceeding, or deposition upon the trial of a suit; yet the same effect does not follow upon a verbal oath made under these statutes — and why? because the oath is required by the express terms of the act to be in z6riling and signed by the party making it. To be so, is the very gisi of the constitution of the offence — a verbal oath- of the matter or denial oí the execution of the note is, expressly, negatived by the statute: — “It shall not be lawful tosuf-fer any person” «fee. «fee. to deny execution «fee. unless on oath in writing, signed by the party. Thus, a verbal oath is excluded from the jurisdiction, and an oath in writing, signed by the party alone, admitted entering into the constitution of the offence. The act contemplates other oaths, and contrasts them with this class of oaths in writing signed by the party. To the latter it gives the jurisdiction of administering the oath by which the perjury may be committed. To the former the jurisdiction is denied, the act saying it shall not be lawful «fee. Hence it ought to appear upon the face of the indictment that the oath charged as pregnant with perjury, was the oath made so by the act. The book cited by the counsel on the argument supports the defendant’s objection, which says: “so, in the case of perjury it is necessary to set out the oath, as an oath taken in a judicial proceeding, and before a proper person, in order to see whether the court had jurisdiction to administer.”
Let the judgment of the circuit court he affirmed.